IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELLY ADELE MORRIS ) | |
| ) | |
| v. ) | No. 3:14-1056 |
| ) | Judge Campbell/Bryant |
| SOCIAL SECURITY ADMINISTRATION ) | |

To:     The Honorable Todd Campbell, District Judge

## REPORT AND RECOMMENDATION

Currently pending in this Social Security appeal is plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Docket Entry No. 20), which has been referred to the undersigned for a Report and Recommendation (Docket Entry No. 21). In her application, plaintiff seeks a fee award in the amount of $4,664.50, representing 24.55 hours of attorney work at $190.00 per hour. In response, defendant states that it "has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $4,664.50." (Docket Entry No. 22 at 1)

The Equal Access to Justice Act (EAJA) authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

29 U.S.C. § 2412(d)(2)(A). Plaintiff submits that a departure from the statutory, $125 hourly rate cap is warranted due to an increase in the cost of living. (Docket Entry No. 20-1 at 4 nn.

1 & 2; Docket Entry No. 20-2 at 2-3)  In light of defendant's agreement with plaintiff's fee request, and having reviewed plaintiff's application and supporting memorandum and affidavit of counsel, including the authorities cited therein, the undersigned finds that the increased hourly rate and resulting award is reasonable.  Accordingly, consistent with the agreement of the parties, it is RECOMMENDED that plaintiff be awarded $4,664.50 in EAJA fees.

Finally, plaintiff has attached to her fee application a signed "Assignment of EAJA Fee" in this case, wherein she "direct[s] that the EAJA award should be made payable to counsel and not to me as the Plaintiff."  (Docket Entry No. 20-3)  Defendant responds as follows:

> Defendant respectfully requests that the court enter an order specifically awarding attorney fees of $4,664.50 to be paid by the Social Security Administration.  In accordance with <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

(Docket Entry No. 22 at 1)  Defendant does not specify whether plaintiff in fact owes a federal debt that would trigger an offset.  It appears that this determination would be made in the first instance by the Treasury Department when presented with an order directing payment of EAJA fees, as it was the 2005 amendment to the Treasury Department's Financial Management Service regulations which extended coverage under that department's Treasury Offset Program to EAJA fee awards.  <u>See</u> <u>Astrue v. Ratliff</u>, 560 U.S. 586, 589-90 (2010).  It was established in <u>Ratliff</u> that, following this 2005 amendment, the government continued its former practice of making EAJA fee awards directly payable to the prevailing plaintiff's attorney "only in cases where the plaintiff does not owe a debt to the government and

2

assigns the right to receive the fees to the attorney." Id. at 597 (internal quotation omitted).

It is therefore RECOMMENDED that defendant be ordered to pay to plaintiff the amount of $4,664.50, less any offset amounts owed to the United States. In light of the assignment of rights to this fee on file in this case, it is further recommended that defendant be directed to either make this payment directly to plaintiff's attorney, or to send the check in care of plaintiff's attorney. See Williams v. Colvin, 2016 WL 1319722, at *2 (M.D. Tenn. Apr. 5, 2016).

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 11th day of August, 2016.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE